UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEANETT M.,<br>   Plaintiff,<br>v.<br>KILOLO KIJAKAZI,<br>   Defendant. | Case No. 21-cv-00587-JSC<br><br>**ORDER RE: CROSS-MOTIONS FOR SUMMARY JUDGMENT**<br>Re: Dkt. Nos. 18, 21 |

Plaintiff seeks Social Security benefits for a combination of physical and mental impairments, including back pain, right hand pain, left hip pain, post-traumatic stress disorder ("PTSD"), and anxiety disorder. (Administrative Record ("AR") 18.) Pursuant to 42 U.S.C. § 405(g), Plaintiff filed this lawsuit for judicial review of the final decision by the Commissioner of Social Security denying her benefits claim. Before the Court are the parties' cross-motions for summary judgment. (Dkt. No. 18, 21.) As explained below, the Court GRANTS Plaintiff's motion, DENIES Defendant's motion, and REMANDS for further proceedings because there are outstanding issues to be resolved before a disability determination can be made.

**BACKGROUND**

**I. Procedural History**

Plaintiff applied for disability benefits under Title II of the Social Security Act on May 21, 2018, alleging a disability onset of April 18, 2018. (AR 257, 15.) Her application was denied both initially and upon reconsideration. (AR 15, 141, 149.) Plaintiff then submitted a request for a hearing before an ALJ. (AR 33, 35 65, 170.) Following the hearing, the ALJ issued an unfavorable decision. (AR 16, 116.) Plaintiff requested a supplemental hearing, after which the ALJ reopened the case, vacated his first decision, and held a second hearing. (AR 15, 63, 137-40,

215.) On June 30, 2020, the ALJ issued a second decision finding Plaintiff is not disabled. (AR 12.)

At step two, the ALJ found that Plaintiff has severe impairments of back pain, right hand pain, left hip pain, PTSD, and anxiety, but that, at step three, she "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments." (AR 18-19.) At step four, the ALJ determined that Plaintiff has the residual functional capacity ("RFC") to:

> perform medium work as defined in 20 CFR 404.1567(c) except she can frequently handle/finger feel with her dominant right upper extremity; she could tolerate limited general public contact incidental to performing simple, repetitive work; she can sustain attention for up to 2-hour blocks of time when performing simple and routine work-related tasks, follow simple work-like procedures, and make simple work-related decisions; and she would not require inordinate supervision when performing simple and routine tasks.

(AR 20-21.) The ALJ concluded that Plaintiff is not disabled because she can perform jobs existing in significant numbers in the national economy. (AR 25, 27.)

The Appeals Council denied Plaintiff's request for review of the ALJ's decision. (AR 1, 7.) Plaintiff then sought review in this court. (Dkt. No. 1.) In accordance with Civil Local Rule 16-5, the parties filed cross-motions for summary judgment. (Dkt. Nos. 18, 21.)

**II.    Issues for Review**

1. Did the ALJ err in evaluating Plaintiff's credibility?
2. Did the ALJ err in evaluating the medical opinions?

**LEGAL STANDARD**

A claimant is considered "disabled" under the Act if she meets two requirements. *See* 42 U.S.C. § 423(d); *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). First, the claimant must demonstrate "an inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Second, the impairment or impairments must be severe enough that she is unable to do her previous work and cannot, based on her age, education, and work experience, "engage in

2

any other kind of substantial gainful work which exists in the national economy." *Id.* § 423(d)(2)(A). To determine whether a claimant is disabled, an ALJ is required to employ a five-step sequential analysis, examining: (1) whether the claimant is engaging in "substantial gainful activity"; (2) whether the claimant has a "severe medically determinable physical or mental impairment" or combination of impairments that has lasted for more than 12 months; (3) whether the impairment "meets or equals" one of the listings in the regulations; (4) whether, given the claimant's RFC, she can still do her "past relevant work"; and (5) whether the claimant "can make an adjustment to other work." *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), *superseded by regulation on other grounds*; *see* 20 C.F.R. § 404.1520(a).

**DISCUSSION**

Plaintiff challenges the ALJ's evaluation of (1) her credibility with respect to her symptom testimony and (2) the medical opinions.

**I.    Plaintiff's Credibility**

The Ninth Circuit has "established a two-step analysis for determining the extent to which a claimant's symptom testimony must be credited." *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (cleaned up). "Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Id.* (cleaned up). If the ALJ's assessment "is supported by substantial evidence in the record, [courts] may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (cleaned up).

Plaintiff testified that her PTSD, stemming from an armed robbery when she worked as a bank teller, made her unable to work full-time. (AR 65-68; *see* AR 19, 21, 23, 37, 428-29.) She testified that she was extremely anxious and forgetful. (AR 65-68.) When she had to leave the house, she was fearful and always aware of places to hide. (AR 65-68.) The ALJ found that Plaintiff's medically determinable psychological impairments, PTSD and anxiety, could

3

reasonably be expected to cause the alleged symptoms. (AR 22.) However, the ALJ found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." (AR 22.) The ALJ did not find any malingering, but found Plaintiff's testimony was inconsistent with her activities and her doctors' reports.

### A. Activities

The ALJ found that Plaintiff's activities "demonstrate[] a level of functioning[] which is compatible with some work activity." (AR 22.) In particular, the ALJ found that Plaintiff could watch television, clean the house, use the computer, maintain her personal care, do laundry, go outside, go on a walk, shop in stores and on the computer, manage her finances, and go out to dinner or a show with her husband and friends. (AR 21-22.) In identifying those activities, however, the ALJ ignored the record as a whole. Plaintiff reported fear when being outside her home, especially without her husband; when she visited restaurants, which she only did once a month, she had to sit where she felt safe and could see the room. (AR 38-39). Plaintiff explained that she experienced trauma responses around unfamiliar people despite her efforts, around 2018, to try to leave her home more often. (AR 20, 23, 65-69.) Plaintiff also testified that she needed assistance paying bills, taking medications, and cooking. (AR 328-31.)

Cherry-picked evidence about Plaintiff's activities does not provide a clear and convincing reason to reject her symptom testimony. *See Ghanim v. Colvin*, 763 F.3d 1154, 1164 (9th Cir. 2014); *see also Williams v. Colvin*, No. ED CV 14–2146–PLA, 2015 WL 4507174 at *6 (C.D. Cal. July 23, 2015) ("An ALJ may not cherry-pick evidence to support the conclusion that a claimant is not disabled, but must consider the evidence as a whole in making a reasoned disability determination."). The ALJ focused only on Plaintiff's efforts to leave her home more often, while ignoring that she only did so when the environment was contained and safe. (AR 1447.) He also failed to explain how Plaintiff going to restaurants once a month with her husband and ensuring that she sat in a place where she could see the room is inconsistent with Plaintiff's testimony. The ALJ did not explain with specificity which activities are inconsistent with which portions of Plaintiff's testimony. This, too, was error. *See Lester v. Chater*, 81 F.3d 821, 833–34 (9th Cir. 1995).

### B. Doctors' Reports

The ALJ likewise found Dr. Berry and Dr. Perez's reports inconsistent with Plaintiff's symptom testimony. The ALJ stated that the doctors found she was improving, relatively stable, generally normal, and may be able to return to work, (AR 23-24); however, the ALJ ignored that she has also regressed a few times, was deemed unstable, and was improving in her ability to go outside only if she felt like the environment is safe, (AR 1409-11, 1445-48). The ALJ also did not address Dr. Berry's opinion that Plaintiff would have a minimum of four absences per month, would be unable to take public transport, and could not interact with the general public or unfamiliar people if she were to return to work. (AR 1451-52.) Dr. Perez reiterated Plaintiff's symptoms and found that if Plaintiff were to return to work, she would experience extreme distress. (AR 1554.) Despite these reports, which are consistent with Plaintiff's testimony, the ALJ only discussed the parts of the reports that stated Plaintiff was improving. (AR 23-24.) This cherry-picking of the medical evidence was improper. *Ghanim*, 763 F.3d at 1164. Accordingly, the doctors' reports do not provide a clear and convincing reason to discredit Plaintiff's symptom testimony. *See Lingenfelter*, 504 F.3d at 1036.

## II. Medical Opinions

The Ninth Circuit has embraced the Commissioner's new regulatory framework for evaluating medical opinions for applications filed on or after March 27, 2017. *See Woods v. Kijakazi*, --- F.4th ----, 2022 WL 1195334, at *3–6 (9th Cir. Apr. 22, 2022); *see also* 20 C.F.R. §§ 404.1520c, 416.920c (2017). The new framework eliminates a hierarchy of or deference to medical opinions, and instead uses factors to determine the persuasiveness of a medical opinion. *See Woods*, 2022 WL 1195334, at *3–6. The factors are: "(1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors, such as evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements." *P.H. v. Saul*, No. 19-cv-04800-VKD, 2021 WL 965330, at *3 (N.D. Cal. Mar. 15, 2021) (cleaned up).

The most important factors are supportability and consistency. *Woods*, 2022 WL 1195334, at *6. "Supportability means the extent to which a medical source supports the medical opinion

by explaining the relevant objective medical evidence." *Id.* (cleaned up). "Consistency means the extent to which a medical opinion is consistent with the evidence from other medical sources and nonmedical sources in the claim." *Id.* (cleaned up). The "relationship with the claimant" factor encompasses "the purpose of the treatment relationship, the frequency of examinations, the kinds and extent of examinations that the medical source has performed, . . . and whether the medical source has examined the claimant or merely reviewed the claimant's records." *Id.* The ALJ must explain how he considered supportability and consistency, may explain how he considered the relationship factors, and is not required to explain the other factors. *See id.*; *see also* 20 C.F.R. § 404.1520c(b)(2).

Under the new framework, the ALJ is no longer required to "provide specific and legitimate reasons for rejecting an examining doctor's opinion"; rather, the ALJ's reasons must "simply be supported by substantial evidence." *Woods*, 2022 WL 1195334, at *1.

> Even under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. The agency must articulate how persuasive it finds all of the medical opinions . . . and explain how it considered the supportability and consistency factors in reaching these findings.

*Id.* at *6 (cleaned up).

Both Dr. Berry and Dr. Perez reported that Plaintiff's PTSD and anxiety prevented her from working without extreme distress. (AR 1450-52, 1554.)

**A.    Dr. Berry**

With respect to supportability, the ALJ found that "Dr. Berry primarily summarized the claimant's subjective complaints, diagnoses, and treatment, but did not provide medically acceptable clinical or diagnostic findings to support the functional assessment." (AR 24.) This conclusion is not supported by substantial evidence. First, clinical interviews and evaluations are objective measures that can properly inform a doctor's mental health assessment, even if they rely on a patient's self-reporting. *See Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017) ("Psychiatric . . . [d]iagnoses will always depend in part on the patient's self-report, as well as on the clinician's observations of the patient. But such is the nature of psychiatry."). The ALJ did

not explain why Dr. Berry considering Plaintiff's subjective complaints would make Dr. Berry's conclusion unsupported or unpersuasive.  It was improper for the ALJ to discredit Dr. Berry's report without more explanation.  Second, Dr. Berry did more than summarize Plaintiff's subjective complaints.  She reported that, in her professional opinion, Plaintiff would struggle in public settings, would not be able to work with new people, and would likely miss four days of work per month due to her symptoms.  (AR 1451-52.)  The ALJ failed to explain how those reports insufficiently support Dr. Berry's overall conclusion.  Third, Dr. Berry's report that Plaintiff was improving was coupled with other notes that illustrate there had been both improvements and regressions in the past.  (AR 1456.)  Therefore, Plaintiff's periods of improvement did not provide a substantially supported reason to discredit Dr. Berry's overall conclusion.  Because the ALJ did not explain why he found Dr. Berry's opinion unsupported in light of the record as a whole, he erred in discrediting it.  *See Woods*, 2022 WL 1195334, at *6.

With respect to consistency, the ALJ found Dr. Berry's opinion that Plaintiff could not work without missing more than four days per month inconsistent with her reporting Plaintiff was stable and there was a trend towards improvement.  (AR 24.)  This conclusion was not supported by substantial evidence.  When Dr. Berry began treating Plaintiff in 2017, she reported that Plaintiff was severely debilitated and very sensitive to everyday stressors.  (AR 428-34.)  A few months later, Dr. Berry found Plaintiff's anxiety to be slowly improving but also found her PTSD symptoms were likely permanent and that she could not successfully complete a normal workday.  (AR 421-22.)  In the following months, Plaintiff's symptoms intensified; she still experienced sensitivity to everyday stressors and could not control her anxiety.  (AR 1240, 1448.)  In 2019, Dr. Berry noted improvements, but that Plaintiff was still seriously limited and took extra precautions when leaving the house and interacting with others.  (AR 1450-52.)  These findings are not inconsistent with Dr. Berry's general conclusion that Plaintiff could not work without missing more than four days per month.  *See Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001) ("[The doctor's] statements must be read in context of the overall diagnostic picture he draws.  That a person who suffers from severe panic attacks, anxiety, and depression makes some improvement does not mean that the person's impairments no longer seriously affect her ability to

7

1  function in a workplace."). Therefore, they do not provide substantial evidence to reject Dr.
2  Berry's conclusion. *See Woods*, 2022 WL 1195334, at \*6.

### B. Dr. Perez

With respect to supportability, as with Dr. Berry, the ALJ found that Dr. Perez "summarized in the treatment notes the claimant's subjective complaints, diagnoses, and treatment, but she did not provide medically acceptable clinical or diagnostic findings to support the functional assessment." (AR 24.) For the reasons explained above, this finding was not adequately explained and therefore not supported by substantial evidence. *See Woods*, 2022 WL 1195334, at \*6; *Buck*, 869 F.3d at 1049.

With respect to consistency, Dr. Perez reported that Plaintiff continued to experience the same symptoms and conditions documented by Dr. Berry. (AR 1554.) Thus, the ALJ's finding of inconsistency is not supported by substantial evidence. *See Woods*, 2022 WL 1195334, at \*6.

\* \* \*

The ALJ did not adequately address the two most important factors, supportability and consistency, in evaluating the medical opinions of Dr. Berry and Dr. Perez.

### III. Remand for Further Proceedings

Plaintiff requests that the Court remand this case either with instructions to award benefits or for further administrative proceedings pursuant to 42 U.S.C. § 405(g). When courts reverse an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (cleaned up). However, remand for award benefits is proper when:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017) (cleaned up). Here, the record has not been fully developed because the ALJ did not consider all of the evidence presented by Plaintiff or her

medical doctors and thus there are still facts to be decided. Therefore, remand for further proceedings is proper.

## CONCLUSION

The Court GRANTS Plaintiff's motion, DENIES Defendant's motion, and REMANDS for further proceedings.

This Order disposes of Docket Nos. 18 and 21.

**IT IS SO ORDERED.**

Dated: April 27, 2022

*Jacqueline Scott Corley*
JACQUELINE SCOTT CORLEY
United States District Judge