UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEANETT M.,<br><br>   Plaintiff,<br><br>   v.<br><br>KILOLO KIJAKAZI,<br><br>   Defendant. | Case No. 21-cv-00587-JSC<br><br>**ORDER RE: MOTION TO ALTER OR AMEND JUDGMENT**<br><br>Re: Dkt. No. 25 |

The Court granted summary judgment to Plaintiff on April 27, 2022 and entered judgment on May 2, 2022. (Dkt. Nos. 23, 24.) Before the Court is Defendant's motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). (Dkt. No. 25.) Defendant challenges one sentence from the summary judgment order:

> The ALJ must explain how he considered supportability and consistency, may explain how he considered the relationship factors, and is not required to explain the other factors. *See* [*Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022)]; *see also* 20 C.F.R. § 404.1520c(b)(2).

(Dkt. No. 23 at 6.)

A Rule 59(e) alteration "is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kaufmann v. Kijakazi*, 32 F.4th 843, 850 (9th Cir. 2022) (cleaned up). A court has "considerable discretion" to grant a Rule 59(e) motion if, as Defendant argues here, it "committed clear error." *Id.* (cleaned up); *see Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) ("manifest errors of law or fact").

There is no clear error in the sentence Defendant cites. The agency "must . . . 'explain how it considered the supportability and consistency factors.'" *Woods*, 32 F.4th at 792 (quoting 20 C.F.R. § 404.1520c(b)(2)). The agency "'may, but [is] not required to, explain how [it]

considered the [relationship] factors.'" *Id.* (last alteration in original) (quoting 20 C.F.R. § 404.1520c(b)(2)). The agency "may, but [is] not required to, explain how [it] considered the factors in paragraphs (c)(3) through (c)(5)," which are "relationship with the claimant," "specialization," and "other factors." 20 C.F.R. § 404.1520c(b)(2), (c)(3), (c)(4), (c)(5).

The Court's use of "may" and "is not required to" does not necessarily draw a substantive distinction between the two, much less one amounting to clear error. *See Kingdomware Techs., Inc. v. United States*, 579 U.S. 162, 171 (2016) ("Unlike the word 'may,' which implies discretion, the word 'shall' usually connotes a requirement."). That is evident from Defendant's proposed alteration: "The ALJ . . . may, but is not required, to [sic] explain the remaining factors." (Dkt. No. 25 at 4.) That Defendant would prefer different phrasing, or would prefer the Court only quote directly from the regulations, does not indicate clear error. Accordingly, the Court declines to impose the "extraordinary remedy" of Rule 59(e). *Kaufmann*, 32 F.4th at 850 (cleaned up).

## CONCLUSION

Defendant's motion is DENIED.

This Order disposes of Docket No. 25.

**IT IS SO ORDERED.**

Dated: June 23, 2022

JACQUELINE SCOTT CORLEY
United States District Judge